UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY,

                              Plaintiff,

           -against-

HARLEYSVILLE INSURANCE COMPANY,

                             Defendant.
------------------------------------------------------------------X

Civil Action No.:

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, THE TRAVELERS INDEMNITY COMPANY ("Travelers"), by its attorneys, Keane and Associates, as and for its Complaint for Declaratory Judgment against Defendant, HARLEYSVILLE INSURANCE COMPANY ("Harleysville"), alleges as follows:

### NATURE OF THE ACTION

1. In this action, Travelers seeks a declaration that Harleysville is obligated to defend and indemnify Prismatic Development Corp ("Prismatic") in connection with an underlying lawsuit asserting claims for injuries allegedly sustained by Joseph Keane (the "Claimant") against Prismatic and Blue Diamond Sheet Metal ("Blue Diamond"). That lawsuit is styled *Keane, et al. v. Prismatic Development Corp., et al.*, in the Supreme Court of the State of New York, County of Kings, Index No. 524117/2017 (the "Underlying Action"). Travelers also seeks a declaration that Harleysville is obligated to reimburse Travelers for the defense costs Travelers has paid on behalf of Prismatic.

## PARTIES

2. At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

3. Upon information and belief, at all times relevant hereto, Harleysville was and is an Ohio corporation with a principal place of business in Harleysville, Pennsylvania.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

6. An actual justiciable controversy exists between the parties as to coverage afforded under the insurance policy issued by Defendant Harleysville.

7. Plaintiff Travelers has no adequate remedy at law.

## THE INSURANCE POLICIES

8. Travelers issued a policy providing Prismatic with Commercial General Liability and Employee Benefits Liability coverage bearing policy number VTC2K-CO-8213A265-IND-16 for the policy period of June 10, 2016 to June 10, 2017 (the "Travelers Policy").

9. The Travelers Policy generally provides, among other things, coverage for bodily injury that takes place during the policy period and is caused by an accident.

10. Travelers has been providing coverage under the Travelers Policy, pursuant to its terms, conditions, and exclusions, to its named insured, Prismatic, in connection with the Underlying Action.

11. The Travelers Policy contains an excess "other insurance" clause that provides that coverage under the Travelers Policy is excess over any other coverage available to Prismatic as an additional insured.

12. Defendant Harleysville issued an insurance policy to CDE Air Conditioning Co., Inc. ("CDE") providing commercial general liability coverage and bearing policy number MPA14937S, for the policy period of December 1, 2016 to December 1, 2017 (the "Harleysville Policy"). A true copy of the Harleysville Policy is attached hereto as Exhibit A.

13. The Harleysville Policy generally provides, among other things, coverage for bodily injury that takes place during the policy period and is caused by an accident.

14. The Harleysville Policy contains an ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU endorsement (form CG-7254 (Ed. 12-10)), which provides in relevant part:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> A. **Section II – Who Is An Insured** is amended to include as an insured any person or organization for whom you are performing operations only as specified under a written contract (for purposes of this endorsement referred to as the "written contract") that requires that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability caused, in whole or in part, by the acts or omissions of the "Named Insured", or those acting on behalf of the "Named Insured", in the performance of the

3

          "Named Insured's" ongoing operations for the additional insured only as specified under the "written contract". A person's or organization's status as an insured under this endorsement ends when your on-going operations for that insured are completed.

      . . .

    **D. Other Insurance**

        1.    If specifically required by the written contract or agreement referenced in Paragraph A. above, any coverage provided by this endorsement to an additional insured shall be primary and any other valid and collectible insurance available to the additional insured shall be non-contributory with this insurance. If the written contract does not require this coverage to be primary and the additional insured's coverage to be non-contributory, then this insurance will be excess over any other valid and collectible insurance available to the additional insured. . . .

*See* Ex. A, Endorsement, "Additional Insureds – Owners, Lessees or Contractors – Scheduled Person or Organization."

## THE UNDERLYING SUBCONTRACT AND LAWSUIT

    15.    On or about May 8, 2014, Prismatic, as general contractor, entered into a subcontract with CDE (the "Subcontract") pursuant to which CDE was to perform work for a construction project at the Southwest Brooklyn Marine Transfer Station (the "Project"). A true copy of the Subcontract is attached hereto as Exhibit B.

    16.    Pursuant to the Subcontract, CDE was required to purchase and maintain commercial general liability insurance including Prismatic as an additional insured on a primary and non-contributory basis. *See* Ex. B hereto, section 19.B.1.

    17.    On or about May 16, 2014, CDE subcontracted with Blue Diamond for Blue Diamond to perform sheet metal work on the Project.

18. The Claimant was allegedly injured while working at the Project site on March 22, 2017, when a piece of duct fell from above, hitting a stored duct that allegedly hit Claimant.

19. On December 14, 2017, the Claimant filed the Underlying Action against Prismatic and Blue Diamond, alleging negligence and violation of the New York Labor Law and the Industrial Code of the State of New York by defendants in connection with the March 22, 2017 incident. A true copy of the Verified Complaint in the Underlying Action is attached hereto as Exhibit C.

20. Travelers provided and continues to provide a defense for Prismatic in the Underlying Action.

## TENDERS TO HARLEYSVILLE

21. Prismatic tendered to CDE by letter dated February 2, 2018. A true copy of this letter is attached hereto as Exhibit D.

22. Travelers tendered to CDE by letter February 6, 2018. A true copy of that letter is attached hereto as Exhibit E.

23. By letter dated March 5, 2018, Harleysville denied the tender to CDE on the basis that the complaint in the Underlying Action contained no allegations against CDE. A true copy of that letter is attached hereto as Exhibit F.

24. By email dated December 17, 2020, Travelers re-tendered to Harleysville for coverage under the Harleysville Policy. A true copy of that correspondence is attached hereto as Exhibit G.

25. By email dated December 22, 2020, Harleysville again denied Travelers' tender, on the basis that Blue Diamond had testified in the Underlying Action that the duct did not hit anyone. A true copy of that correspondence is attached hereto as Exhibit H.

## TRAVELERS' CAUSE OF ACTION FOR DECLARATORY RELIEF

26. Travelers repeats and realleges the allegations contained in paragraphs 1-25 above as if set forth here in their entirety.

27. Prismatic qualifies as an additional insured under the Harleysville Policy.

28. Coverage provided to Prismatic by the Harleysville Policy with respect to the Underlying Action is primary to that provided by the Travelers Policy.

29. Accordingly, Travelers seeks a declaration that Harleysville has an obligation to defend and indemnify Prismatic as an additional insured in the Underlying Action; that the coverage provided to Prismatic by the Harleysville Policy for the Underlying Action is primary; and that the obligations of Travelers to Prismatic in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Harleysville Policy.

28. In addition, Travelers seeks an award at law and in equity against Harleysville for recovery of all sums Travelers has incurred and continues to incur in the defense of Prismatic in the Underlying Action because the coverages provided by the Harleysville Policy are primary to any coverage provided by Travelers.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Travelers prays that judgment be entered as follows:

1. Declaring that the Harleysville Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Harleysville Policy have been complied with and met.

3. Declaring that the alleged accident and Underlying Action fall within the coverage afforded by the Harleysville Policy.

    4.      Declaring that Defendant Harleysville owes a duty to defend Prismatic in connection with the Underlying Action.

    5.      Declaring that Defendant Harleysville owes a duty to indemnify Prismatic in connection with the Underlying Action.

    6.      Declaring that Defendant Harleysville's coverage obligations to Prismatic in connection with the Underlying Action are primary.

    7.      Declaring that Plaintiff Travelers' coverage obligations under the Travelers Policy are excess to those of Defendant Harleysville with respect to the Underlying Action.

    8.      Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Harleysville with respect to Harleysville's duty to defend and indemnify Prismatic in connection with the Underlying Action.

    9.      Granting an award in favor of Plaintiff Travelers against Defendant Harleysville for all sums Travelers has paid and is continuing to pay in defending Prismatic as to the Underlying Action.

    10.     Granting an award in favor of Plaintiff Travelers for the costs of suit incurred herein.

    11.     Granting such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
          March 1, 2021

KEANE AND ASSOCIATES

By: /s/ Amy C. Gross
    Amy C. Gross
    *Attorneys for Plaintiff The Travelers Indemnity Company*
    Direct: 917.778.6462
    Fax: 844.571.3789
    Email: acgross@travelers.com

    <u>Please address all correspondence sent by mail to:</u>
    P.O. Box 2996
    Hartford, CT 06104-2996

    <u>Physical Address:</u>
    485 Lexington Avenue, 6th Floor
    New York NY 10017